**CASCO PRODUCTS CORPORATION,**
**Plaintiff,**

**v.**

**KNAPP-MONARCH COMPANY,**
**Defendant.**

**Civ. A. No. 2994.**

United States District Court
D. Delaware.

June 28, 1967.

As Amended July 24, 1967.

Rodney M. Layton, Richards, Layton & Finger, Wilmington, Del., Stephen H. Philbin, New York City, of counsel, for plaintiff.

William J. Wier, Jr., Connolly, Bove & Lodge, Wilmington, Del., Norman Lettvin, Bair, Freeman & Molinare, Chicago, Ill., of counsel, for defendant.

OPINION

STEEL, District Judge.

Plaintiff has moved for summary judgment on that portion of its amended

complaint which seeks a declaratory judgment determining the invalidity of defendant's United States Patent No. 3,038,269, issued June 12, 1962, for alleged improvement in steam and spray irons. The motion does not seek a determination that the steam and spray irons which plaintiff has manufactured and sold, are non-infringing, as the amended complaint alleges. Nor is the charge in the amended complaint that defendant has violated the anti-trust laws the subject of plaintiff's present motion.

Jurisdiction exists under 28 U.S.C. § 1338. The declaratory judgment remedy is authorized by 28 U.S.C. §§ 2201 and 2202. Venue is not challenged.

■ The motion is based upon the single contention that the patented invention was "on sale" in the United States more than one year prior to June 6, 1960, the date on which the patent application was filed. Plaintiff has the burden of establishing that no material issue of fact exists on this issue. If it succeeds plaintiff is entitled to a judgment of invalidity as a matter of law. 35 U.S.C. § 102(b).

The motion is before the Court upon the unverified pleadings, two affidavits of Arthur A. Johnson, portions of the trial testimony of Robert S. Knapp, (hereinafter "Knapp") in "Knapp-Monarch Co. v. McGraw-Edison Co., et al", an action brought by the present defendant in the Northern District of Illinois for infringement of the patent in suit, portions of the deposition of Knapp taken by defendants in the McGraw-Edison case, an opinion by Judge Abraham L. Marovitz in the Illinois case, and a copy of a "Contract of Purchase" of Sears, Roebuck and Co. (hereinafter "Sears") addressed to Knapp-Monarch (hereinafter "K-M") dated April 1, 1959, all of which have been filed by plaintiff; affidavit of Knapp, depositions of Corwin S. Freeman and Stuart B. Lasher

taken by defendants in the McGraw-Edison case, affidavit of Seymour Rothstein relating to the Freeman and Lasher depositions, amendment to Judge Marovitz' opinion, a copy of the United States Patent No. 3,038,269, and a copy of a "Contract of Purchase" of Sears addressed to K-M dated July 1, 1959.

■ In ruling upon a motion for summary judgment all disputed facts and factual inferences must be resolved against the moving party. Associated Hardware Supply Co. v. Big Wheel Distributing Company, 355 F.2d 114, 121 (3d Cir. 1966).

The following facts are either not disputed or that version of disputed facts most favorable to defendant:

By about August 1, 1958, the invention which later found embodiment in the seven claims of Patent No. 3,038,269 had been conceived and reduced to practice. On June 6, 1960 an application for the issuance of a patent on the invention was filed.

Long before June 6, 1959 K-M was attempting to sell Sears a steam spray iron which would be competitive with a steam spray iron which General Electric had just put on the market. In furtherance of this effort, in September of 1958, Knapp, the president of K-M, showed to representatives of Sears an experimental model of a steam spray iron which embodied the disclosures of claims 1 and 2 of the patent.[1]

K-M's efforts to sell a steam spray iron to Sears continued intermittently from September of 1958. In August of 1959 K-M delivered to Sears the first commercial steam spray irons. These irons embodied all of the claims of Patent No. 3,038,269, and bore Sears' designation No. 6205. Earlier in March of 1959 Sears had assigned No. 6205 to a steam spray iron which apparently it expected to buy from K-M. In April 1959 Sears entered into a contract of

---

1. That the model embodied only claims 1 and 2 is admitted by plaintiff at p. 7 of its reply memorandum and at p. 16 of the transcript of the argument on June 2, 1967. A similar statement is made,

by way of hearsay, scarcely admissible under Federal Rules of Civil Procedure 56(e), in paragraph 9 of the Knapp affidavit.

purchase with K-M, for 10,000 No. 6205 irons at a price of $10.35 per iron. This contract was subject to conditions the importance of which need not presently be determined. An early order from a Sears store to K-M requested a shipment of the No. 6205 irons on May 19, 1959. No shipments were made, however, under the April contract, and the contract was cancelled and superceded by a new contract dated July 1, 1959 for 18,650 No. 6205 irons at $10.35 per iron. All deliveries of commercial irons were made pursuant to this later contract.

It is unnecessary at this time to determine whether the "on sale" issue is controlled by the opinion of Chief Judge Wright in Philco Corp. v. Admiral Corp. 199 F.Supp. 797, 816 (D.Del.1961) urged by plaintiff, or by the series of decisions in other Circuits relied upon by defendant, for the record, from plaintiff's standpoint, contains a fatal infirmity. That is its failure to disclose that the iron which Knapp was attempting to sell prior to June 6, 1959 was an iron which embodied the claims of the patent.

As stated, the model which K-M first exhibited to Sears in September 1958 contained the invention of claims 1 and 2 only. This model was experimental and differed significantly both mechanically and esthetically from the commercial device later designated by Sears as No. 6205. (Knapp Aff. ¶ 9). K-M furnished Sears with samples about June 26, 1959, pre-production specimens on or after July 9, 1959, and commercial production irons in August 1959. (Knapp Aff. ¶ 6, 7, 8). Prior to doing so (the time is not indicated) K-M had suggested to Sears the concept of manufacturing for it a new form and construction of a steam and spray iron that differed in many structural and operational features from the experimental model which K-M had shown Sears in September of 1958 (Knapp Aff. ¶ 10). In what way the concept differed from the experimental model is not revealed. It may have been by the additions of the invention of claims 3 to 7, by the omission of claims

1 and 2, or in any one or more of a myriad of other ways.

■ The fact that the commercial form of the iron which was delivered some time after August 3, 1959 did contain all of the features of claims 1–7 does not necessarily indicate that prior to June 6, 1959 K-M's efforts were directed to selling to Sears an iron which embodied features of the patent. The record merely shows that for many months before June 6, 1959 K-M was attempting to sell Sears a steam and spray iron which would be competitive with the one which General Electric had brought to market. The record is devoid of evidence to establish that K-M's efforts were directed to selling Sears an iron covered by the patent claims.

It is not significant that in March of 1959 Sears assigned No. 6205 to a steam spray iron which it was discussing with K-M, that in April Sears contracted (with conditions) to purchase a No. 6205 steam spray iron, and that in August K-M delivered to Sears an iron in commercial form bearing the same number which embodied all of the claims of the patent. Knapp explained Sears' numbering practice as follows:

"It's not at all unusual to get a catalog number assigned from Sears on an item that doesn't even exist. For example, we have a number 6275 iron that we have been engineering for two years, but No. 6275 has been assigned to it for two years and we have not yet completed the engineering on this product. They used it for identification in their write-up and everything else." (Transcript of McGraw-Edison case p. 326.).

Plaintiff has the burden of carrying the "on sale" issue. It has failed to meet this burden. The considerations just discussed appeared critical to the Court when the motion was argued, and plaintiff's attorney was questioned insistently on whether there was evidence in the record to support plaintiff's contention that prior to June 6, 1959 plaintiff was attempting to sell Sears, not

just any steam and spray iron which would function to the satisfaction of Sears and be saleable by it, but a steam and spray iron which was covered by the claims of the patent. No satisfactory answer was obtained (Transcript of argument June 2, 1967, pp. 5–7). Nor does a critical examination of the record reveal any adequate answer to this vital point of inquiry. Plaintiff has, therefore, failed to meet the burden of proving by undisputed evidence that the invention of Patent No. 3,038,269 was "on sale" more than one year prior to the filing date of the patent.

The motion of plaintiff for summary judgment will be denied.